**The People of the State of Illinois, Plaintiff-Appellee, v. Philip M. Doyle, Defendant-Appellant.**

**Gen. No. 50,308.**

First District, First Division.

October 17, 1966.

Rehearing denied December 1, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall A. Patner, Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Robert D. Boyle, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Philip M. Doyle, was indicted and tried for the offenses of attempted murder and aggravated battery. After a jury trial he was convicted of attempted murder and sentenced to serve 15 to 20 years in the State Penitentiary.

The defendant contends: (1) that the State failed to prove that the defendant intended to kill without justifi-

cation, a necessary element of the charge of attempt to murder; (2) that the jury was not properly instructed; (3) that the defendant was not permitted to display his injured finger to the jury to his prejudice; (4) that testimony of details of the victim's injury and treatment of his wounds were inflammatory and prejudiced the defendant; (5) that evidence of other crimes denied the defendant a fair trial; and (6) the indictment was fatally defective in that it did not specify the time and place of the alleged offenses.

On May 9, 1964, at about two o'clock in the morning three Chicago police officers dressed in plainclothes drove up an alley in a residential neighborhood of Chicago in an unmarked automobile. They stopped three men walking in the alley and announced they were police officers. Officer John O'Connor testified he heard one of the men say, "It's the police. Let's go," and all three men ran in different directions. Officers O'Connor and Quick apprehended one man who was left in O'Connor's custody. Officer William Quick then pursued another man with a flashlight in one hand and a gun in the other. After jumping an abutment he found himself three feet from the defendant and observed that he had a sawed-off shotgun in his right hand. He testified that he dropped his flashlight, started to reach for the shotgun and was shot in the stomach by the defendant. He said he then fired three shots at the defendant. The defendant was shot in the finger.

The defendant did not testify. A physican called as a witness by defendant testified that the X rays of the defendant's right hand showed that his right index finger had been fractured and the lower joint completely destroyed by a bullet.

The defendant first contends that the State failed to prove that the defendant intended to kill the police officer. Counsel for defendant argues that the bullet fired by the

officer struck the defendant's trigger finger and he may have fired back in self-defense and therefore it cannot be inferred that, under these circumstances, he intended to kill the officer without lawful jurisdiction.

█ The Criminal Code provides that the intent to commit a specific offense coupled with the doing of "any act which constitutes a substantial step toward the commission of that offense" shall be sufficient proof of the crime of attempt. Ill Rev Stats 1965, ch 38, § 8–4(a). From the uncontradicted evidence the jury could properly find that the defendant intended to shoot and kill the officer and that it was only by an act of providence that the officer lived and the defendant was not charged with an act of murder.

█ It is next contended that the court erred in refusing to give instructions tendered by the defendant to show that if the jury believed the defendant did not intend to kill he would not be guilty or he would be guilty only of battery or aggravated battery. It is also charged that the court refused to give instructions on intent and burden of proof. The record shows that the jury was instructed in the language of the statutes defining intent and the offense of aggravated battery. We have considered the above objections and other refused instructions tendered by the defendant and find from the record that there was no error in the refusal of tendered instructions and that the issues were adequately covered by the given instructions.

The defendant complains that the failure of the court to allow him to display his injured hand to the jury was prejudicial. He argues that "The main issue at the trial was whether the defendant's gun had been set off by a bullet from the officer's gun, or whether defendant had pulled the trigger voluntarily, in self-defense or otherwise." As we have mentioned the defendant did not testify. The only witness offered by him was Dr. Fritz Rothbart, a radiologist, who testified on direct examina-

tion that the X ray which had been taken two days after the shooting showed that the defendant's right index finger was injured at the proximate and middle phalanx by a recent bullet shot. He was asked whether he could tell where the bullet entered the finger by looking at the X ray and he said he could not answer that question. On cross-examination he stated he could not tell the angle at which the bullet struck the finger because he did not see "the defect of the soft tissue that covers the bone, which means that would be absent, that would have been pulled out by the bullet."

■■ The defendant cannot offer to have his finger examined in court by a radiologist without laying a proper foundation for such testimony. We also do not feel that the ruling by the court, during discussion in chambers, that the defendant was to remove his injured hand from the sight of the jury by keeping it in his lap affected the verdict.

■ It is further urged that the State was erroneously permitted over objection to introduce gory, inflammatory details of wounds that did not go to the question of innocence or guilt. We do not agree. The defendant was being tried on charges of aggravated battery and of inflicting great bodily harm. In People v. Nickolopoulos, 25 Ill2d 451, 185 NE2d 209, the case cited by the defense, the defendant and the victim were intoxicated and the victim was shot during an argument about a restaurant bill. The defendant in that case was only charged with the single offense of assault with intent to commit murder. In the case at bar the defendant was also charged with the offense of aggravated battery. The Criminal Code provides that aggravated battery is committed by a person who "intentionally or knowingly causes *great bodily harm,* or permanent disability or disfigurement." Ill Rev Stats 1965, ch 38, § 12–4(a). (Emphasis added.) The nature or seriousness of the injury inflicted was at issue and the trial court had no means of knowing upon which charge

the jury would act. Whether such evidence was competent must be left to the discretion of the trial judge. We cannot say he abused his discretion.

It is also contended that a studied effort was made by the State to improperly introduce evidence of other unrelated crimes to convince the jury to convict the defendant. On direct examination of a police officer reference was made concerning Al Broome who may have been one of the three men in the alley and upon objection the matter was heard in chambers. The prosecutor there stated out of the presence of the jury that the witness would testify that they found a silk stocking which had two holes and a knot around its end in possession of Broome to show a motive for burglary. The State informed the court that it would connect this evidence with the defendant and on that representation was permitted to show by the witness that a mask which was marked as an exhibit for identification was found in Broome's pocket some hours after the shooting incident. The witness was also asked whether an exhibit for identification was his written report. He answered in the affirmative and on cross-examination the defendant's counsel brought out the fact that the report showed that James Trabillan and Broome were also arrested. On objection at the close of the State's case the stocking mask exhibit was not permitted in evidence.

Another officer appearing as a witness for the State was asked whether he had occasion to be in Judge Cohen's courtroom when the defendant was present. On objection, the prosecutor informed the court that he intended to ask the witness whether a stipulation was entered into at the time that the defendant's age was 29, because they could not get a stipulation from the defendant's counsel. A motion for a mistrial was made by the defendant on the theory that the State improperly brought out that the defendant was before another judge which indicated another offense. The court denied this motion stating that

"Nothing has been brought out here from this witness. Nothing has been said. You haven't been prejudiced in any way." The court then sustained the objection to the questions propounded by the prosecutor and directed the jurors to disregard the inquiry.

 We are satisfied the prosecutor improvidently committed error by offering evidence in regard to the mask which he did not connect up with the defendant and in referring to an appearance by the defendant in another courtroom in an attempt to prove up the defendant's age. However, we do not feel that the defendant was prejudiced thereby. The purpose of a review in a criminal case is not to determine whether the record is perfect, but to determine whether the defendant had a fair trial under the law and whether his conviction is based upon evidence establishing his guilt beyond all reasonable doubt. People v. Naujokas, 25 Ill2d 32, 182 NE2d 700. The evidence here so clearly indicates defendant's guilt that this court cannot conceive that any other verdict would be reached without these errors. When errors complained of could not reasonably have affected the result the judgment should be affirmed. People v. Cardinelli, 297 Ill 116, 130 NE 355.

It was also contended that the indictment was fatally defective in that it failed to specify the time and place of the offense. This issue was considered in People v. Blanchett, 33 Ill2d 527, 212 NE2d 97, and a similar indictment was held sufficient.

The judgment of the Criminal Court is therefore affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.