**People of the State of Illinois, Plaintiff-Appellee, v. William Elvis Davis, Defendant-Appellant.**

Gen. No. 10,963.

Fourth District.

December 12, 1968.

Glenn O. Fuller, Public Defender, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur (Thomas J. Yockey, of counsel), for appellee.

TRAPP, P. J.

Defendant appeals from his conviction entered upon a plea of guilty to an information charging theft of property exceeding $150 in value. His petition for probation was denied, and sentence was fixed at an indeterminate term of not less than one year nor more than ten years.

Defendant states his theory to be that the court had no jurisdiction to accept a plea of guilty because the court failed to inform the defendant of the penalty which might be imposed, and failed to ascertain whether defendant understood the nature of the charge in such information, ". . . prior to the time the defendant executed his waiver." As stated, the contention is incomplete and it is difficult to focus upon its meaning for purposes of review. Since the authorities briefed refer only to waiver of indictment, presumably such is the waiver referred to. It appears to be further argued that there was error in accepting the plea of guilty because the court did not inquire whether defendant understood the nature of the charge.

Defendant was 28 years of age, had completed three and one-half years of high school, and had served a three-year enlistment in the Navy. The public defender had been appointed to represent him prior to arraignment, and was present at such time. There is no contention that defendant was under any mental disability, and none is suggested in the record.

The information charged that defendant committed the offense of theft of property exceeding $150 in value from a given address on a stated date, such property being a

1964 Chevrolet Sport Coupe with a specified serial number.

The record made at the arraignment discloses that defendant had been furnished with a copy of the information, a list of prosecution witnesses and a copy of a purported confession prior to appearing before the court.

 Upon the contention of error in accepting the waiver of indictment, the record discloses that the trial court advised defendant that the offense charged was a felony and an infamous crime subject to a penitentiary sentence. He then gave an explicit statement to defendant concerning the absolute right to require that he be prosecuted upon an indictment by the grand jury. Since prosecution by information following waiver of indictment does not, as the trial court so stated to defendant, alter or supersede the right to trial by jury, the admonition of the maximum and minimum sentence that could be imposed is not a necessary element of the admonition concerning waiver of indictment. The proceedings at issue were governed under the former Supreme Court Rule 26(3), chapter 110, § 101.26, S–H Ann Stats 1956, (now Supreme Court Rule 401, chapter 110A, § 401, S–H Ann Stats). The language of both the Rule and the "Practice Notes" of the first cited make clear that the admonition required upon waiver of indictment differs from that required before accepting a plea of guilty. Each admonition serves a different function.

The defendant and his counsel were advised through the information that there was a charge of theft of an automobile of a value greater than $150. To state such a charge in greater detail, or more complex language, would not make it more understandable.

 The trial court's admonition does not have the function of a bill of particulars. The Rule does not require the trial court to explain what acts the defendant did in committing the offense. People v. Harden, 78 Ill App2d

431, 222 NE2d 693. While admonition of the nature of the charge has relevance in the exercise of choice in pleading guilty, such choice is not faced at the time of waiving indictment.

Examining the issue of defendant's understanding of the nature of the charge prior to making and persisting in a plea of guilty, we find the record is clear that prior to accepting such plea the court described the consequences of the plea in terms of a minimum and maximum sentence in the penitentiary. The record also shows that the defendant had discussed with his counsel the offense charged, and that before the court accepted the plea and entered judgment of conviction, defendant expressly acknowledged that he was pleading guilty to the theft of an automobile of the value of $2,500.

Defendant cites People v. Culbert, 69 Ill App2d 162, 215 NE2d 470. The facts of that case are clearly distinguished from the facts here. There defendant appeared at arraignment without counsel, and the record demonstrates that he failed to comprehend the significance of waiving indictment, in that he failed to make an intelligent and intelligible answer to the court's inquiry.

■■ From the record before us, it is fairly said that defendant understood both the significance of waiving indictment and the consequences of his plea of guilty. People v. Doyle, 20 Ill2d 163, 169 NE2d 250.

The judgment of the trial court is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.