People of the State of Illinois, Plaintiff-Appellee, v. Louis Larry and Frederick Arrington, Defendants-Appellants.

Gen. Nos. 52,817, 52,820. (Consolidated.)

First District, First Division.

June 6, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Saul H. Brauner, Norman W. Fishman and James J. Doherty, Assistant Public Defenders, of counsel), for appellants.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Michael Stevenson, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendants, Louis Larry and Frederick Arrington, were charged with committing the offense of armed rob-

18

bery in violation of section 18-2 of the Criminal Code (Ill Rev Stats 1967, c 38, § 18-2). The defendants pleaded not guilty, waived a jury trial and following a bench trial were found guilty of the offense charged. Louis Larry and Frederick Arrington were then sentenced to terms of 2 to 10 years and 1 to 6 years respectively, to be served in the Illinois State Penitentiary.

The sole contention of defendants, on appeal, is that the attendant circumstances surrounding the identification of the defendants establishes that the State failed to prove the defendants guilty beyond a reasonable doubt.

The record reveals that on May 29, 1967, at about 3:00 p. m., the complaining witness, Don Cooperwood, went to cash a check at a neighborhood currency exchange. Cooperwood testified that he passed two men on his way to the currency exchange. One of the two men was Louis Larry, whom the complaining witness said he had known for about four years. The other man was Frederick Arrington and the victim stated he had known him for about one year. After cashing a check, Cooperwood noticed that the two men were following him. The complaining witness testified that the defendant Arrington hit him in the face with a brick and defendant Larry took his money, which amounted to $38. When Cooperwood yelled for help, he was hit in the mouth by one of the two men, loosening his teeth, and was choked. The victim was taken to a hospital by the police and there received six stitches in his face. Cooperwood stated that on June 12, 1967, the police came to his place of employment, drove him to the corner of Lake Street and Kedzie, and he pointed out the defendants who were subsequently placed under arrest.

On cross-examination Cooperwood stated that he gave the police the name of one of his assailants (Louis Larry) and a description of the other (Frederick Arrington) when he was taken to the hospital shortly after the incident in question. Again, on May 30, 1967, the complain-

ing witness testified he saw the police and gave them the same information. He further testified that he saw the two defendants standing in an alley every morning on his way to work until June 12, when he pointed them out to the police.

James Burns, a police officer assigned to the case, testified that he attempted to contact the victim on June 1 and on several other days, but was unsuccessful until June 12. Officer Burns stated that on June 12 he and the complaining witness rode through the neighborhood and Cooperwood pointed out the defendants. On cross-examination the officer said that he was not one of the officers who responded to the initial call of the victim.

The defendant, Louis Larry, was the sole witness for the defense. He testified that he was employed at a car wash on May 29, 1967, and that he saw the complaining witness while he was on his way to take the elevated train to work. He stated that he worked until 2:00 p. m. on that day. He denied committing the robbery. Larry said that he saw Cooperwood every morning on his way to work.

The defendants contend that the time lapse between the alleged robbery and the subsequent identification and arrest of the defendants thirteen days later renders the identification vague and doubtful. The defendants further urge that although the victim admittedly saw the defendants every day after the robbery, he made no effort to contact the police. It appears to us, however, that these factors do not speak to the validity of the identification so much as they question the credibility of the complaining witness, since it is undisputed that the victim knew both of the defendants before the robbery.

The defendants cite the cases of People v. Cullotta, 32 Ill2d 502, 207 NE2d 444; People v. Ikerd, 26 Ill2d 573, 188 NE2d 12; and People v. Martin, 95 Ill App2d 457,

238 NE2d 205 in support of the proposition that a conviction cannot be deemed to be sustained by evidence beyond a reasonable doubt if the identification of the accused was vague, doubtful and uncertain. The defendants also cite People v. Boney, 28 Ill2d 505, 192 NE2d 920 and People v. Capon, 23 Ill2d 254, 178 NE2d 296, which suggest that a lapse in time between the crime and the identification goes toward the weight of the evidence. In all five of the defendants' cases, unlike the case at bar, the identifying witnesses had never seen the defendants before the incident in question. Furthermore, in all five cases the inquiry of the court was to the sufficiency of the identification, not the credibility of the identifying witnesses. In the instant case, however, it is admitted that Cooperwood knew one of the defendants for one year and knew the other defendant for four years. The only question in the present case is whether the identifying witness was credible and thus, the cases that the defendants cite concerning the sufficiency of an identification are not applicable.

The record discloses that the trial judge squarely met the question of the credibility of the prosecuting witness. Before finding the defendants guilty the court commented:

> I could detect nothing in the demeanor of the complaining witness to indicate any vindictiveness or any other motive other than one of telling the truth. I believe to find the defendants not guilty I would have to so find there was some sinister motive on behalf of the complaining witness. I can certainly see none.

Defendants maintain that the situation in the case at bar is analogous to People v. Roe, 63 Ill App2d 452, 211 NE2d 552. In Roe the victim had seen the defendant three or more times and was introduced to him before

21

the robbery. When questioned by an investigating officer two days after the incident, the victim did not name Roe or any of his assailants although he knew their names. Neither did the victim give any descriptions of his assailants. In the instant case, however, the victim gave a description of the two men to the police when they interviewed him at the hospital and named Louis Larry. This we feel is sufficient to distinguish the case before us from Roe.

We find no merit to the contention that there were inconsistencies in the complainant's testimony affecting the identification of the perpetrators of the robbery and establishing a reasonable doubt as to the defendants' guilt. A review of the record discloses the contrary. We have consistently held that it is the function of the trial court to determine the credibility of the witnesses and the weight to be accorded their testimony, and where the evidence is merely conflicting, this court will not substitute its judgment for that of the trier of the fact. People v. Scott, 34 Ill2d 41, 213 NE2d 521.

For the above-mentioned reasons, the judgment of the trial court is affirmed.

Affirmed.

ADESKO, P. J. and MURPHY, J., concur.