**The People of the State of Illinois, Plaintiff-Appellee, v. Ronald R. Burdick, Defendant-Appellant.**

**Gen. No. 69–35.**

Second District.

December 5, 1969.

John R. Snively, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, for appellee.

PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court.

The defendant entered a plea of guilty to the offense of aggravated incest. Upon denial of his motion for probation, he was sentenced to a term of from 5 to 15 years in the penitentiary.

On appeal it is contended that his waiver of indictment was void; that he was not properly admonished by the court prior to the acceptance of his plea of guilty;

and that the court abused its discretion by not allowing the motion for probation and by imposing an excessive sentence.

The record discloses that a criminal complaint, signed by the defendant's wife, charged him with aggravated incest in that he knowingly had sexual intercourse with his five-year-old stepdaughter. Upon being returned to this jurisdiction from Arizona, he voluntarily gave a written confession. Thereafter, a preliminary hearing was had, wherein the court explained the nature of the charge and defendant's right to counsel. At the same time, an indigency hearing was had, the public defender was appointed, bond was set and the hearing was continued. Upon resuming the hearing, probable cause was found and the defendant was bound over to the grand jury.

On January 5, 1968, prior to any grand jury proceedings, the defendant, his counsel and the State appeared before the general division of the trial court. The State requested leave to file an information and the following appears from the record:

> THE COURT: "Do you know what it means to waive the intervention of the Grand Jury?"
>
> THE DEFENDANT: "Yes. Mr. McNamara (the Public Defender) explained it to me."
>
> THE COURT: "I will go over it again. If you don't waive the intervention of the Grand Jury, then when the Grand Jury meets, the State's Attorney produces whatever evidence he has against you. And if the Grand Jury are of the opinion there is probable grounds to hold you for trial, then you would be indicted and arraigned and tried under the Indictment.
>
> "Where you waive the intervention of the Grand Jury, then in this case you would be

317

charged with aggravated incest, which is a crime which may be punishable by a term of not less than two or more than twenty years in the penitentiary, or any combination of years not less than the minimum or more than the maximum.

"Now, knowing that, do you wish to waive the intervention of the Grand Jury?"

THE DEFENDANT: "Yes."

THE COURT: "Let the record show that the defendant has been advised of his rights and the nature of the charge against him. He persists in his waiver of the Grand Jury.

"Leave given to file the Information. . . ."

Thereafter, leave was granted the public defender to withdraw from the case and present counsel was appointed. On April 30, 1968, the following proceedings were had:

THE COURT: "What is your Motion today?"

MR. SNIVELY: "I was appointed to represent the defendant, Your Honor, and I now appear before you and ask leave to withdraw a plea of not guilty and enter a plea of guilty."

THE COURT: "Before I accept your plea of guilty, it is the Court's duty to inform you that you have a right to trial by a jury of twelve people, selected from the County, the right to have all of the witnesses who appear against you appear in open Court in your presence and testify, the right to put on whatever defense you might have, and the right to have the jury pass upon your guilt or innocence.

"Where you enter a plea of guilty, you waive your right to trial by jury, and the matter is then left up to the Judge alone. On your plea of guilty the Court might sentence you to the

penitentiary for a period of years not less than two or more than twenty.

"Do you understand that?"

THE DEFENDANT: "Yes, Your Honor."

THE COURT: "And I want it known, I want you to be advised, that I will accept your plea of guilty with the understanding that there has been no promises or anything else given to you."

THE DEFENDANT: "Yes, sir."

THE COURT: "Is that true?"

THE DEFENDANT: "Yes, sir."

THE COURT: "Nobody has attempted to promise you what might happen on your plea of guilty?"

THE DEFENDANT: "No, sir."

THE COURT: "Let the record show that the Court has advised the defendant of his rights and the consequences of his plea of guilty, he persists in his plea of guilty, the Court accepts his plea of guilty to the Information. . . ."

After several continuances, requested by the defendant, a hearing was had on the motion for probation. Witnesses for both the prosecution and defense testified. At the close of the proofs it was stipulated that the testimony introduced would stand as and for the evidence in aggravation and mitigation of the charge. The trial court thereupon denied the motion for probation and sentenced the defendant.

With regard to defendant's first contention, Rule 401(a)(b) of our Supreme Court governs the procedure for the waiver of indictment and the entry of a plea of guilty. Paragraph (a) concerns itself with the waiver of an indictment and paragraph (b) concerns itself not only with the waiver of indictment but also with the waiver of counsel and the entry of a plea of guilty. These paragraphs must be taken in conjunction when

applied to the waiver of indictment. The pertinent portion of paragraph (a) is that the accused be ". . . advised of the nature of the charge and of his rights as hereinafter set forth . . . ." His further rights, found in paragraph (b), are that ". . . the accused understands he has a right to be held to answer for the offense on indictment by a grand jury and has understandingly waived that right and consented to his prosecution by information. . . ."

■ ■ We find no merit in the defendant's contention that his waiver of indictment was void. The trial court properly informed the defendant of his right to have the grand jury presented with the State's evidence against him. He was also properly advised of the nature of the charge when the court expressly stated that, if he waived the intervention of the grand jury, ". . . you would be charged with aggravated incest . . . knowing that, do you wish to waive the intervention of the Grand Jury?", to which the defendant replied, "Yes." See People v. Carter, 107 Ill App2d 474, 477, 246 NE2d 320 (1969); People v. Davis, 103 Ill App2d 239, 241–242, 242 NE2d 609 (1968); People v. Harden, 78 Ill App2d 431, 444–445, 222 NE2d 693 (1966). In addition, the defendant was informed of the nature of the offense from a copy of the information proposed to be filed as well as an explanation of the charge when he appeared at the preliminary hearing. The People v. Harden, 38 Ill2d 559, 561, 232 NE2d 725 (1967). It must be kept in mind that, at this time, the defendant was only waiving his right to be indicted and was not entering a plea of guilty. Each admonishment serves a different function. People v. Davis, supra.

■ Some four and one-half months later, the defendant appeared before the court and withdrew his plea of not guilty. Before accepting his offer to plead guilty, the court again admonished the defendant of his rights and of the effect a plea of guilty would have, if

320

accepted. Section 113–4 of the Criminal Law and Procedure (Ill Rev Stats 1967, c 38, § 113–4(c)) supplemented by Supreme Court Rule 401(b) sets forth the procedure to be followed. Taken together, they require that the accused understands the nature of the charge against him, the consequences if the plea of guilty is accepted, the punishment that may be imposed and that he understandingly waives his rights. We are of the opinion that the defendant was properly admonished prior to the court's acceptance of his plea of guilty.

■ It is argued that the nature of the charge against him was not given at the time of accepting the plea. This is admitted; however, it is not fatal in this case. As stated previously, the charge was initially explained to the defendant at his preliminary hearing, he was again apprised of the charge through a copy of the information and, lastly, he was informed of the charge at the time he waived indictment by the grand jury. We feel that the essentials of the rule have been met. See, The People v. Doyle, 20 Ill2d 163, 165–167, 169 NE2d 250 (1960). Both the complaint and the information stated that the defendant had sexual intercourse with a named person, knowing her to be his daughter. Elaboration on this simple language would not, in our opinion, make it more understandable. People v. Davis, supra.

Defendant argues that the cases of The People v. Washington, 5 Ill2d 58, 61–62, 124 NE2d 890 (1955) and McCarthy v. United States, 394 US 459, 22 L Ed2d 418, 89 S Ct 1166 (1969) almost parallel the instant case. While there may be some degree of similarity, we are of the opinion that there exist important distinguishing factors between the cited cases and the case at bar. In the Washington case, the court, during the admonishment, never mentioned the nature of the offense or the possible penalty that could be evoked. In the McCarthy case, the Supreme Court, in addition to

construing Rule 11 of the Federal Rules of Criminal Procedure, believed from a review of the record that there was a doubt in the accused's mind with regard to the intent in which the offense was committed. See, The People v. Mims, 42 Ill2d 441, 444, 248 NE2d 92 (1969). In the case at bar, we have no doubt the defendant understood the nature of the offense for which he was being charged.

■ While matters subsequent to the acceptance of a plea of guilty have no relevancy and cannot relate back to cure an improper admonishment, it is appropriate to note that during the hearing on probation, in addition to the defendant's confession being introduced and while the defendant was on direct examination, the following appears of record:

> Q. "After you returned to Rockford and while you were on bail, did you have any contact with the Mental Health Society in Rockford?"
>
> A. "Yes, I did."
>
> · · · · · ·
>
> THE COURT: "Are you putting in an insanity defense here?"
>
> MR. SNIVELY: "No, just to show they have agreed to accept him for treatment there in the Mental Health Clinic."
>
> THE COURT: "Is there any question about him knowing what he is charged with and the nature of the charge?"
>
> MR. SNIVELY: "No."
>
> THE COURT: "Is he able to cooperate with counsel?"
>
> MR. SNIVELY: "Yes, sir."
>
> THE COURT: "I mean, is there any doubt about that?"
>
> MR. SNIVELY: "No, no, no."
>
> THE COURT: "All right."

 It is next contended that the trial court abused its discretion by denying the defendant probation. A defendant has no inherent, constitutional or statutory right to probation. People v. Smith, 62 Ill App2d 73, 76, 210 NE2d 574 (1965). The granting or denying of probation rests within the discretion of the trial court and will not be disturbed unless it is clearly abused. People v. Smice, 92 Ill App2d 83, 86, 234 NE2d 47 (1968). A review of the record in this case reveals no abuse of discretion on the part of the trial court in refusing to admit the defendant to probation.

 Finally, it is argued that the sentence imposed is excessive. The statute provides a penalty of from 2 to 20 years (Ill Rev Stats 1967, c 38, § 11–10). The trial court was of the opinion that the crime was vicious and it would be unsafe for the defendant to be in proximity to small children. The burden of presenting mitigating circumstances in the record is upon the defendant and he must make a substantial showing in order to justify a reduction of sentence on review. The People v. Nelson, 41 Ill2d 364, 367, 243 NE2d 225 (1968). In the same case, the Supreme Court reaffirmed the previously set forth guidelines in regard to reduction of sentences, when it said at page 368:

"We laid some guide lines with respect to the exercise of the right to reduce punishment at the appellate level in People v. Taylor, 33 Ill2d 417, 424, in the following language: 'We believe that under the now applicable statute granting reviewing courts the power to reduce sentences imposed by trial courts where circumstances warrant (Ill Rev Stats 1963, chap 38, par 121–9(b)(4),) [since repealed and superseded in identical language by our Rule 615(b)(4), (36 Ill2d 182)] such authority should be applied with considerable caution and circumspection, for the trial judge ordinarily has

323

a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals.' "

A review of the record in the instant case does not exhibit a substantial showing on the part of the defendant to justify a reduction of the sentence imposed.

The judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

DAVIS and SEIDENFELD, JJ., concur.