**People of the State of Illinois, Plaintiff-Appellee, v. Opal Ridener, Defendant-Appellant.**

**Gen. No. 70–18.**

Third District.

September 17, 1970.

Zenon Myszkowski, of Joliet, for appellant.

Louis R. Bertani, State's Attorney of Will County, of Joliet, for appellee.

RYAN, P. J.

The defendant was found guilty by a jury of voluntary manslaughter and was sentenced to the State Reformatory for Women. On this appeal, she contends that the trial court erred in admitting evidence of other crimes. The crime for which she was tried occurred on May 31, 1965. Two police officers were called to the defendant's home where they found the defendant, her wounded husband, and a 12-gauge shotgun with a discharged shell in it. The police took the defendant to the police station, where she gave a statement to the police admitting that she had shot her husband and gave the details of the argument and the violence that led to the shooting. In the meantime, her husband was taken to a hospital, where he died.

At the defendant's trial for voluntary manslaughter, one of the officers testified that on May 8, 1965, about three weeks before the night of the shooting he had responded to another call to the defendant's home. He was greeted at the door by the defendant and told that a family disturbance had taken place, but that all was quiet now. The officer asked to see her husband who then appeared from another room with a slight

scratch on his forehead, and stated that the defendant had hit him in the head with a Coke bottle. Both the defendant and the husband told the officer that neither of them wanted to prefer any charges against the other. This incident on May 8 is the evidence of another crime about which the defendant now complains.

■ It appears that during the direct examination of the police officer as to the May 8 incident, the defendant made no objection to the testimony nor did the defendant ask that the same be stricken. Furthermore, the defendant on cross-examination interrogated this officer in detail concerning the May 8 incident. In light of this, we must conclude that the defendant waived any right to now complaining about the testimony of the officer containing the occurrence on May 8, 1965. People v. Luckey, 90 Ill App2d 325, 234 NE2d 26.

■ As in the Luckey case, supra, the defendant here also gave testimony herself concerning other previous crimes of violence which she had committed against her husband. On direct examination, the defendant told how on two separate occasions, she had previously fired a gun at her husband and wounded him. In view of her own testimony as to previous crimes of violence committed against her husband, it is difficult to see how the defendant was prejudiced by the testimony of the police officer concerning the family disturbance that happened on May 8.

Furthermore, the statement of the defendant given to the police after she had been taken to the police station on the night of the shooting conclusively established the guilt of the defendant. We cannot conceive that a different verdict could have been arrived at had the testimony of the police officer concerning the May 8 affair been omitted. In her statement she described in detail the argument with her husband; the way he had beaten her and finally how she took the shotgun which she saw standing in the closet and shot him. Where errors com-

plained of could not reasonably have affected the results, the judgment should be affirmed. People v. Doyle, 76 Ill App2d 302, 222 NE2d 205.

Affirmed.

STOUDER and ALLOY, JJ., concur.