2 Ill. App.3d 401 (1971)
276 N.E.2d 372
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
MICHAEL HENDERSON, Defendant-Appellant.
No. 55245.
Illinois Appellate Court  First District.
November 15, 1971.
*402 *403 Gerald W. Getty, Public Defender, of Chicago, (Judith C. Smith, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.
Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, and Brent F. Carlson, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE GOLDBERG delivered the opinion of the court:
Defendant, Michael Henderson, was indicted for armed robbery. On December 4, 1968, the court, having accepted his plea of guilty of grand theft, placed him on probation for three years. He was then 18 years of age. On November 24, 1969, the court revoked his probation and he was sentenced to a term of from two to six years in the penitentiary. He appeals to this court.
His counsel contends that he was deprived of due process of law at the revocation hearing because he was not advised of his right to remain silent but that he made an inculpatory admission to the court; that the revocation hearing was without formal legal procedure and consisted of hearsay and unsworn testimony and finally that the State failed to prove by a preponderance of the evidence that he had violated the terms of his probation. We will first state the facts as they appear from the record.
On November 17, 1969, a rule to show cause why probation should not be revoked was duly entered. The probation authorities filed a petition alleging that defendant had failed to report to his probation officer and that he had moved and could not be located. The petition also alleged that, on October 31, 1969, in the Fourth Municipal District of the circuit court of Cook County, defendant was convicted of battery and also upon four counts of theft and that he had been sentenced to one year in the Illinois State Farm, with all sentences to run concurrently. The petition alleged the court numbers of all five of these proceedings; all bearing designation indicating their filing during 1969.
The cause came on for hearing on November 17, 1969. Defendant appeared with his appointed counsel. A hearing was held upon the rule to show cause. The probation officer advised the court that defendant had failed to report to the probation office and could not be located; *404 and, also, that on October 1, 1969, defendant had been convicted of battery and on four charges of theft and that he had been sentenced as above set forth. Counsel for defendant advised the court that defendant had failed to report to the probation office because he had been in the hospital in August. His own counsel then asked defendant in open court if he would explain his subsequent conviction to the judge. Defendant started to make a statement regarding, "intimidation." His counsel then corrected him and said, "It was battery and theft." Defendant stated that was wrong and further, "I was convicted of intimidation."
The trial court then inquired, "What about the four counts of theft?" The defendant responded and stated that they were pending cases more than two years old which were not brought to trial; that he had pleaded guilty of intimidation; that "* * * they just made me guilty on all the rest of the cases that I had pending." The court then directed that the hearing be continued for one week.
The hearing was resumed on November 24, 1969. All of the same persons appeared before the court. The probation officer advised the court that defendant had stated that the offenses in question occurred prior to the date that he was admitted to probation; that the records had been checked and that they indicated that the offenses occurred after defendant had been placed on probation. The record shows that the following statements were then made:
"THE COURT: Which means he went out and did these right after he got probation. Is that right?
"THE DEFENDANT: Yes, your Honor, I know  I'm sure that two of them was after probation. But the other one, I think it was after or before, I don't know."
The Assistant State's Attorney then advised the court that a telephone check had been made with the office of the clerk as to the dates of the offenses and that the information could be supplied more formally but, since defendant had indicated that two of the offenses were committed after he had been admitted to probation, this would not be necessary. The court then said to the defendant, "Now, you were arrested and convicted in the circuit court of Cook County for an offense subsequent to getting probation here, is that right?" The defendant answered, "Yes." The court apparently then made a general inquiry asking if there was anything more to be said and his counsel responded, "I have nothing further to say at this time." The court then found defendant guilty of violation of probation and directed revocation. He asked defendant if he had anything further to say. Defendant responded, "Well, I was guilty of it, and I am just sorry that it happened." The imposition of sentence then followed.
*405  1, 2 In deciding this appeal, a preliminary statement regarding the nature and attributes of probation is essential. We have had a probation statute in Illinois since 1911. (See Ill. Rev. Stat. 1969, ch. 38, par. 117; also S.H.A., ch. 38, par. 117.) The basic theory of probation is to grant a defendant an opportunity of rehabilitation without incarceration; to afford the unfortunate another opportunity by extending clemency. (People v. Jeffries, 120 Ill. App.2d 39, 44; People v. Smice, 79 Ill. App.2d 348, 353.) Probation is thus an act of grace or a grant of mercy for "* * * the protection of society and the reform of the defendant." (People v. Donovan, 376 Ill. 602, 607.) See also, People ex rel. Barnett v. Bardens, 394 Ill. 511 at 516-517.
 3 The granting of probation and the revocation thereof are never matters of clear legal right. One convicted of a probationable crime "* * * has no inherent, constitutional or statutory right to probation." (People v. Burdick, 117 Ill. App.2d 314, 323.) The grant or refusal of probation rests within the discretion of the trial court. (People v. Hicks, 125 Ill. App.2d 48, 55; People v. Knox, 116 Ill. App.2d 427, 437.) Probation may be described only as a privilege and not as a right. (People v. Seipel, 108 Ill. App.2d 384, 396; People v. Jones, 107 Ill. App.2d 1, 11.) A defendant is eligible to probation only after he has been found guilty. (Ill. Rev. Stat. 1969, ch. 38, par. 117-1(a).) The defendant in this case was, therefore, not a person initially charged with commission of a crime but a convicted felon.
 4-6 It follows necessarily that this court may not compel a wise exercise of discretion by the trial judge. Our role is limited to correction of a clear abuse of discretion. (People v. Burdick, 117 Ill. App.2d 314, 323; People v. Smice, 92 Ill. App.2d 83, 86.) As specified in the statute, the State has the burden of proving a violation of probation. (Ill. Rev. Stat. 1969, ch. 38, par. 117-3(b).) But, this proof need not conform to the reasonable doubt standard and proof by a mere preponderance of the evidence is sufficient. People v. White, 98 Ill. App.2d 1, 4; People v. Killion, 113 Ill. App.2d 461, 462.
 7 The recital of these established principles, together with an examination of the record here, impels to the conclusion that the fine spun theories advanced by defendant in this court have no relationship to the proceedings had before the trial court or to the judgment appealed from. Defendant was represented in open court at all times by counsel from the same office which represents him in this court. No objection of any kind was ever raised at any stage of the proceedings by defendant or his counsel. Defendant admitted, not once but at least three times, in open court, that he had violated the terms of his probation. These admissions were in response to questions put by the trial court as well *406 as by defendant's own counsel. Under these circumstances, the trial court had virtually no alternative but to revoke the probation which he previously had granted. No abuse of discretion appears here.
 8-10 It is fundamental and basic that this court can review only errors committed at the trial. Where no objection is raised, error, if any exists, has been waived. Thus, in the case at bar, claims such as impropriety in use of hearsay testimony and unsworn testimony may not be raised for the first time in this court on appeal. Unless timely objection to incompetent evidence is made at the trial level, the point may not be raised on appeal. (People v. Eubank, 46 Ill.2d 383, 388; People v. Harris, 33 Ill.2d 389, 390; People v. Ridener, 129 Ill. App.2d 105, 107; People v. Davis, 126 Ill. App.2d 114, 117.) This principle is applicable even to objections upon constitutional grounds. People v. Linus, 48 Ill.2d 349, 355 and People v. Thompson, 48 Ill.2d 41, 46.
This appeal must be considered within the context of the fact that not only was no objection, procedural or otherwise, ever raised in the trial court, but the defendant and his counsel in effect stipulated and agreed that he had violated the conditions of his probation. Neither in the trial court nor in this court has any question been raised that these representations to the court were incorrect or the defendant was not, in fact, guilty of breaching the conditions of his probation as alleged in the petition filed by the probation office.
 11 There remains one additional factor which is determinative of this appeal, regardless of any contention made here by defendant and aside from anything already stated in this opinion. The petition for revocation of probation charged that defendant had failed to report to his probation officer and that he had moved and could not be located. Counsel for defendant in effect admitted this to the trial court, stated that he had spoken to defendant about it, and attempted to justify the violation with the vague excuse that defendant was hospitalized "in August." This contention cannot justify defendant's failure to report from December, 1968, when he was admitted to probation, to the date of the hearing, either before or after his period of hospitalization. Under these circumstances, and on this ground alone, the court acted well within the bounds of reasonable discretion in revoking the probation. (See People v. Freeman, 49 Ill. App.2d 464 and People v. Esposito, 343 Ill. App. 146; also Ill. Rev. Stat. 1969, ch. 38, par. 117-2(a).) It follows that the judgment appealed from should be affirmed.
 12 We do not mean to imply by any of the language used in this opinion that we prefer completely informal hearings in cases involving revocation of probation, over the propriety of proceeding in the customary manner. It is common knowledge that appeals have multiplied profusely *407 in criminal cases during the last few years. It may well be that this results, in part, from failure of attorneys who prosecute and defend criminal cases to adhere to the accepted rules of procedure. Although it should not be necessary to spend time and money required to furnish certified copies of matters which are of record, use by the courts of formal stipulations might tend to discourage useless appeals. Such a stipulation of counsel in open court would, or should, have eliminated the appeal in the case at bar. We believe that all counsel, prosecution and defense, owe a primary and absolute duty to the trial court to simplify the proceedings by stipulating to matters of record which are readily susceptible of proof. It is true that the Criminal Division of the circuit court of Cook County and the judges who serve there labor under great difficulties because of the massive volume of difficult litigation with which they are confronted. However, the use of the stipulation and greater care in bringing out the facts, particularly in cases involving revocation of probation, would reduce the volume of appeals and thus would be of great assistance to this court and to counsel who practice before us.
It is, therefore, ordered that the judgment appealed from is affirmed.
Judgment affirmed.
BURKE, P.J., and LYONS, J., concur.