2 Ill. App.3d 857 (1971)
276 N.E.2d 346
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
DAVID SWANEY, Defendant-Appellant.
No. 71-13.
Illinois Appellate Court  Third District.
December 8, 1971.
*858 Bruce Stratton, of Defender Project, of Ottawa, for appellant.
Arthur Lennon, Assistant State's Attorney, of Joliet, for the People.
Judgment affirmed.
Mr. JUSTICE DIXON delivered the opinion of the court:
David Swaney was indicted in Will County for two counts of Attempted Murder, one count of Aggravated Battery and one count of Burglary. A change of venue was granted and the case was transferred to Iroquois County. After a jury trial the defendant was found guilty of both counts of Attempted Murder and the one count of Aggravated Battery. He was later sentenced to two concurrent terms of 15 to 20 years for the two convictions of Attempted Murder.
The material facts were that at about 1:30 A.M. on July 27, 1969, the defendant entered the home residence of Vladimir Chuk and Sophie Chuk at 2505 Golfview Drive, Will County, Illinois, through a glass door *859 at the rear of the home. He did not know either of the Chuks. After entering, he came to the doorway of the bedroom in which the Chuks were sleeping. Both Chuks awoke and ran after the defendant into a family room. In the darkness a struggle ensued between both Chuks and the defendant as a result of which Vladimir was stabbed by the defendant twenty-seven times and Sophie was stabbed by the defendant one time. Vladimir still managed to hold the defendant while his son called the police who arrived shortly thereafter. Both Chuks recovered from their wounds.
 1 Defendant has appealed contending that there was no evidence of intent to kill or harm Mrs. Chuk, maintaining that a person who, while assaulting another with intent to kill him, unintentionally injures a third person cannot be guilty of intent to kill the third person. Such is not the law of Illinois. (Dunaway v. People 110 Ill. 333; People v. Cohen 305 Ill. 506.) Further, the testimony showed that during the course of the struggle defendant said "I am handy with a knife, I have proven it, you and your wife are both going to die before help gets here".
 2 Moreover this court said in People v. Masterson 79 Ill. App.2d 117" the intent with which an act is done may be inferred from the act itself and the surrounding circumstances, it being presumed that every person intends the natural and probable consequences of his actions."
Here the defendant invaded the home of the Chuk's for a criminal purpose while armed with a hunting knife which he used indiscriminately in the darkness.
 3 The record presents more than sufficient evidence to prove all elements of the charge and the jury was justified in finding defendant guilty beyond a reasonable doubt.
 4 It is further urged as error that during the trial Chuk testified to the severity of his wounds, blood all over himself, his intestines hanging out and pain experienced. He exhibited his scars to the jury. Two police officers told of blood in the room and holes in Chuk's back. The doctor who treated Chuk told of the nature and severity of his wounds, the amount of blood lost and the complications after surgery. In the case of People v. Nicholopoulos 25 Ill.2d 451 such testimony was held to be error. In the instant case the defendant was also charged with the offense of Aggravated Battery. The Criminal Code provides that Aggravated Battery is committed by a person who "intentionally or knowingly causes great bodily harm, * * *." (Ill. Rev. Stat. 1969, ch. 38, par. 12-4(a).) The nature or seriousness of the injury inflicted was at issue and the trial court had no means of knowing upon which charge the jury would act. People v. Doyle 76 Ill. App.2d 302.
*860 It is also contended that testimony of Mrs. Chuk as to her pain was prejudicial and so was an effort by the State to improperly introduce an opinion by the treating surgeon as to whether Chuk would have died without surgery.
 5, 6 We do not feel the defendant was prejudiced. The purpose of review in a criminal case is not to determine whether the record is perfect, but to determine whether the defendant had a fair trial under the law and whether his conviction is based upon evidence establishing his guilt beyond all reasonable doubt. (People v. Naujokas 25 Ill.2d 32.) The evidence here so clearly indicates defendant's guilt that this court cannot conceive that any other verdict would be reached without these alleged errors.
Defendant further complains of what he conceives to be an inaccuracy in the "pen letter". Ill. Rev. Stat. ch. 108, par. 203 requires the Judge and the State's Attorney to file an official statement with the Clerk of the Court to be transmitted to the Parole and Pardon Board and to thereby furnish the Board an official statement of the facts and circumstances constituting the crime, * * * together with all other information accessible to them in regard to the career of the prisoner * * * and any other facts and circumstances which may tend to throw light upon the question as to whether such prisoner is capable of again becoming a law-abiding citizen.
 7 The phrase objected to is: "While on the witness stand, the defendant said that he thought his intent, when entering the home, was to make a sexual contact with a female inside the home".
Defendant's testimony on direct examination was:
Q. What was your purpose?
A. I don't really know.
Q. Could be anything?
A. Seeing the broad's negligee, you know, maybe wanted to rape the broad, sexual desire  caused sexual desire to be very strong.
Q. Was it very strong at the time?
A. Very strong.
* * *
Q. David let's back up, I want to ask you one very important question  when you were in the Chuk home and you got to the door of the Chuk bedroom and stood there, supposing only Mrs. Chuk had been there, can you tell us what you might have done?
A. I don't know but as strong as that sexual desire was she might have got raped.
Q. David, in using the word rape, have you actually ever forcibly raped a person?

*861 A. I forcibly raped a couple of women but they never turned me in."
In so far as the "pen letter" is concerned, even if properly before us, it would appear that, if anything, the statement was more than generous and should not be disturbed. The statute is broad in its scope and amply warrants the remark contained in the statement. People v. Wooten 392 Ill. 542.
The judgment is affirmed.
Judgment affirmed.
STOUDER, P.J., and SCOTT, J., concur.