THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALEXANDER FAIR (Impleaded), Defendant-Appellant.

(No. 58526; ▮▮▮▮▮▮▮▮▮▮▮

First District (5th Division)—January 11, 1974.

James J. Doherty, Public Defender, of Chicago (Donald Honchell, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Barry Rand Elden, Assistant State's Attorneys, of counsel, and Stanley L. Hill, Senior Law Student), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant appeals from the revocation of his probation and the imposition of a sentence from one to three years imprisonment under the original charge. In March, 1970, defendant pleaded guilty to the offense of robbery and was sentenced to three years probation. Within the probationary period, the State applied for a warrant for probation violation alleging the failure of defendant to report to his probation officer as required and the conviction of a misdemeanor. Following a hearing on a petition for a rule to show cause why probation should not be revoked, the aforementioned judgment was entered.

Defendant contends that he was denied due process of law at the revocation hearing because (1) the State's evidence against him consisted of hearsay and unsworn testimony; (2) that he was not advised of his right to remain silent; and (3) that the trial judge's inquiry necessitated a response on his part to avoid a finding against him.

The record shows that on October 6, 1972, defendant appeared at the hearing with appointed counsel. The probation officer's report, filed with the court, stated that defendant failed to report to his probation officer and had been convicted of driving after revocation of his driver's license. An assistant probation officer of the Adult Probation Department made an unsworn statement to the court in corroboration of the report, advising that defendant's last report in person was on March 15, 1972 and that his last report by mail was April 23, 1972. There was no objection made by defendant's counsel as to the truth or manner of presentation of this information to the court. Defendant was then warned by the trial judge "Young fellow, you don't have to say anything to me if you don't want to." Defendant's attorney then brought to the court's attention that defendant claimed he had received a letter terminating the requirements of his probation. Although the court indicated it was disposed to grant a continuance for the production of the letter, defendant rejected the offer of continuance and the cause proceeded. The record shows that the court then made the following statement to defendant's counsel:

> "Do you want him sworn in to answer anything or overcome this
> presumption of the preponderance of the evidence?" [*Sic.*]

Defendant was called by his attorney and under oath admitted his failure to report to probation officers whereupon he was sentenced to a term of one to three years on the original robbery conviction.

OPINION

It is proper to consider this appeal in the context of the facts that this was a probation revocation hearing, that defendant is represented by counsel from the Public Defender's office which had represented him in the trial court, that no objection, procedural or otherwise, was raised at

the hearing with respect to the testimony of the parole officer and that neither defendant nor his counsel has denied either in the trial court or before this court that such representations of the parole officer are incorrect. Additionally, defendant by his own testimony substantiated the charge of violating the terms of his probation. *People v. Henderson,* 2 Ill.App.3d 401, 276 N.E.2d 372.

In answer to defendant's assignment of error that the trial court should not have considered the probation officer's unsworn, hearsay statement, we adopt the court's response to a similar argument raised in *People v. Henderson,* 2 Ill.App.3d 401, 406:

> "It is fundamental and basic that this court can review only errors committed at the trial. Where no objection is raised, error, if any exists, has been waived. Thus, in the case at bar, claims such as impropriety in use of hearsay testimony and unsworn testimony may not be raised for the first time in this court on appeal. Unless timely objection to incompetent evidence is made at the trial level, the point may not be raised on appeal. (*People v. Eubank,* 46 Ill.2d 383, 388; *People v. Harris,* 33 Ill.2d 389, 390; *People v. Ridener,* 129 Ill.App.2d 105, 107; *People v. Davis,* 126 Ill.App.2d 114, 117.) This principle is applicable even to objections upon constitutional grounds. *People v. Linus,* 48 Ill.2d 349, 355 and *People v. Thompson,* 48 Ill.2d 41, 46."

■ It is also contended that the trial court committed reversible error by failing to admonish defendant of his right to remain silent. The record discloses, however, that the court did in fact warn defendant that he need not say anything. Additionally, it was the choice of defendant's counsel that defendant was called to testify after having heard the State's case. Defendant's testimony was in defense to the charge and not in admission thereof. Under these circumstances, there was no violation of Supreme Court Rule 402 or the constitutional privilege against self-incrimination. See *People v. Roberson,* 30 Ill.2d 168, 195 N.E.2d 722.

■■ Finally, defendant contends that the trial judge's question to his counsel regarding whether defendant was to be called as a witness to overcome the "presumption of the preponderance of the evidence" impermissibly necessitated defendant's testimony. Although it was a misnomer for the trial judge to suggest that defendant had a "presumption of the preponderance of the evidence" to overcome, it did not constitute reversible error under the facts in this record.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

DRUCKER and ENGLISH, JJ., concur.