THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EXCELE JOHNSON (Impleaded), Defendant-Appellant.

(No. 57730; )

First District (4th Division)—June 27, 1973.

James J. Doherty, Public Defender, of Chicago, (Suzanne M. Kohut, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane and William K. Hedrick, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

The defendant, Excele Johnson, was indicted on charges of aggravated battery and armed robbery. After a bench trial, he was found guilty of

robbery and sentenced to five years probation, with the first six months to be served in the Cook County Jail. Defendant's probation was subsequently revoked, and he was sentenced to the penitentiary for a term of five to ten years. Defendant appeals from the revocation of his probation.

On appeal, defendant contends (1) that he was denied the equal protection of the laws by being prosecuted, at age 17, as an adult offender rather than under the Juvenile Court Act, Ill. Rev. Stat. 1967, ch. 37, pars. 701—1 *et seq.*, and (2) that the evidence was insufficient to revoke his probation.

The record reveals that at the date of his arrest as well as at trial, the defendant was 17 years old. He was tried and convicted as an adult in the Criminal Court. Defendant contends that the Juvenile Court Act, which classifies 17 year old males as adults for purposes of criminal prosecution while it protects females as "delinquent minors" until age 18, constitutes a violation of the equal protection of the laws.

■■ We find that this argument has been waived. The defendant was tried and convicted in 1967, but he did not raise the equal protection contention until after his probation was revoked in December, 1971. Supreme Court Rule 606(b) (Ill. Rev. Stat. 1967, ch. 110A, par. 606 (b)), provides that an appeal shall be taken within 30 days of the entry of judgment, and if one applies for probation, the appeal shall be perfected within 30 days of the ruling on the petition for probation. Since the defendant failed to raise the equal protection argument within 30 days of the granting of probation, the issue has been waived.

In *People v. Nordstrom,* 73 Ill.App.2d 168, 219 N.E.2d 151, the defendant was convicted of the crime of misbranding drugs and was admitted to probation. Subsequently, his probation was revoked. On appeal, the Appellate Court held that since the defendant had not appealed from his conviction within 30 days after he was granted probation, the conviction could not be reviewed on a subsequent appeal after probation was revoked. The court stated,

> "We hold that the judgment of guilty is a final judgment and the time within which to perfect an appeal therefrom is not extended to such time as when the probation may be revoked. (73 Ill.App. 2d 168, 219 N.E.2d at 156.)"

In the instant case, the defendant should have raised the equal protection issue within 30 days of the granting of his probation. Having not done so, he cannot now argue it on this appeal.

The defendant next contends that the evidence was insufficient to justify the revocation of his probation. He argues that although the

prosecutor referred to a certified copy of defendant's conviction for criminal damage to property, no such copy was found in the record.

The rule to show cause why probation should not be revoked, which was read into the record at the revocation hearing, alleged that the defendant had been convicted of criminal damage to property and was under indictment for rape. At the hearing, the prosecutor stated that the State had filed with the court a certified copy of defendant's conviction for criminal damage to property. He also indicated that the hearing had included testimony by the arresting officer on the criminal damage charge. Moreover, defendant's own counsel referred to the officer's testimony. In addition, the complaining witness in the rape case, testified at the hearing and identified the defendant as her attacker. This testimony alone would have been sufficient to justify the revocation of defendant's probation.

■■ To sustain a conviction for a criminal offense, guilt must be proved beyond a reasonable doubt. To revoke probation, however, guilt need merely be shown by a preponderance of the evidence. (*People v. Smith*, 105 Ill.App.2d 14, 18, 245 N.E.2d 13, 15.) A defendant need not be indicted, prosecuted or convicted of the offense which is the basis for the revocation of his probation. (*People v. Sluder*, 107 Ill.App.2d 177, 246 N.E.2d 35.) In the instant case, there was ample evidence to justify the revocation of defendant's probation.

For the reasons stated, the judgment of the circuit court will be affirmed.

Affirmed.

DIERINGER and JOHNSON, JJ., concur.