The People of the State of Illinois, Plaintiff-Appellee, *v*. Ulysses S. Floyd, Defendant-Appellant.

(No. 57550;

First District (4th Division)—October 10, 1973.

Kenneth L. Gillis, Deputy Defender, of Chicago, (Steven Clark, Assistant Appellate Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (James S. Veldman and Douglas Cannon, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered in the Circuit Court of Cook County. Following a hearing, the defendant, Ulysses Floyd, was found to be in violation of the terms of his probation for having been convicted of another crime. He was then sentenced to a term of from two to five years in the Illinois State penitentiary.

Two issues are presented on review: (1) whether the trial court revoked the defendant's probation without due process of law since a

portion of the evidence considered at the probation revocation hearing was the defendant's admission he had been convicted of a later crime; and (2) whether a guilty plea should be accepted on an armed robbery indictment when the facts reflect the "dangerous weapon" used was a soda pop bottle.

On February 2, 1970, the defendant, Ulysses Floyd, entered a plea of guilty to an indictment charging him with armed robbery. Following the prescribed admonishments as to the consequences of such a plea, the trial court accepted a stipulation of facts which formed the basis of the armed robbery indictment. These facts reflected the defendant was one of three persons who assaulted and robbed an off-duty Chicago police officer shortly after 2:00 P.M. on August 16, 1969. More specifically, the stipulation reflected the officer was grabbed from behind as he entered his automobile, struck over the left eye with a soda pop bottle by one of the three persons who attacked him, and robbed of his money and certain other valuables. As a result of his injuries, the officer was hospitalized for four days and suffered permanent eye damage.

Following the acceptance of the aforementioned stipulation of facts, the trial court accepted the defendant's plea of guilty and sentenced the defendant to five years' probation, the first five months considered served. Subsequently, the defendant's probation officer filed a complaint charging the defendant with a violation of probation. In the complaint, the defendant was charged with having committed and been convicted of carrying a concealed weapon. At a hearing on a rule to show cause why the defendant's probation should not be revoked, the probation officer testified the defendant had been convicted of carrying a concealed weapon in June, 1971. The defendant also testified at this hearing, not only protesting his innocence to the concealed weapon charge, but also claiming his attorney for that charge had accepted a fee from him and then abandoned the case prior to filing an appeal. Thereafter, the trial court revoked the defendant's probation and sentenced him to a term of two to five years in the penitentiary for armed robbery.

The first issue presented for review is whether the trial court revoked the defendant's probation without due process of law since a portion of the evidence considered at the probation revocation hearing was the defendant's admission he had been convicted of a later crime.

The defendant contends the failure of the trial court at the probation revocation hearing to admonish him prior to allowing him to make self-incriminating admission concerning his conviction on the concealed weapon charge is violative of due process of law. In support of this contention, the defendant relies primarily on the decision in *People v.*

*Bryan* (1972), 5 Ill.App.3d 1006, wherein the reviewing court citing *People v. Pier* (1972), 51 Ill.2d 96, reversed the judgment of the trial court revoking the defendant's probation because the defendant had not been admonished pursuant to Supreme Court Rule 402 prior to making a statement to the trial court wherein he admitted his having been convicted of another crime while on probation.

■■ A thorough review of the record does not support the defendant's contention that his due process rights have been violated in light of the standard set forth in either *Pier* or *Bryan*. Rather, the record shows the defendant's position to be highly untenable. Unlike the defendants in either *Pier* or *Bryan*, the record reflects the defendant did not waive his right to a judicial determination of the charge that he had violated his probation by admitting his guilt to the same. In fact, the defendant contested this charge to the point that his privately retained counsel presented a well-formed argument concerning the defendant's innocence of the concealed weapon charge upon which the probation revocation hearing was being held. Later, when the defendant testified on his own behalf concerning the concealed weapon charge, his testimony was an attempt to convince the trial court of his innocence and of continued police harassment and could hardly amount to an admission of guilt which would merit an admonishment by the trial judge. We, therefore, conclude the trial court did not violate the defendant's due process rights because under the circumstances it was not required to admonish him.

The second issue presented for review is whether a guilty plea should have been accepted on the armed robbery indictment, the defendant contending the trial court should not have accepted his guilty plea in light of the fact the dangerous weapon used was a soda pop bottle.

■■ We find no reason to entertain this contention presented by the defendant. The only questions now before the court are those arising from the hearing held to consider the revocation of the defendant's probation. The law in Illinois is well settled where a defendant pleads guilty to a criminal charge and is placed on probation, and no appeal is taken from that judgment, he cannot be heard to complain on appeal from a later judgment revoking his probation for a violation thereof, since such contention amounts to a collateral attack on an earlier judgment. *People v. Johnson* (1970), 126 Ill.App.2d 165.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.