THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee *v.* KENNETH WAYNE GODSEY, Defendant-Appellant.

(No. 72-291;

Second District—September 24, 1974.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, and James W. Jerz and Martin Moltz, both of Model District State's Attorney's Office, of Elgin, for the People.

Mr. PRESIDING JUSTICE T. MORAN delivered the opinion of the court:

A two-count indictment charged defendant with burglary and theft in excess of $150. On June 10, 1971, the court accepted a negotiated plea of guilty to the theft count. On June 14, 1971, defendant was sentenced to 3 years' probation. Seven months later (January 14, 1972), defendant's probation was revoked and he was sentenced to serve a term of 2 to 6 years.

■■ Defendant here, for the first time, challenges the legality of his initial conviction which was entered 18 months prior to appeal. (Due to findings herein, it is unnecessary for us to consider the length of time between the original judgment of conviction and defendant's present request, but see *People v. Johnson*, 12 Ill.App.3d 511, 512 (1973).) Defendant takes cognizance of our decision in *People v. Nordstrom*, 73 Ill.App.2d 168, 172-77 (1966), *appeal dismissed*, 37 Ill.2d 270 (1967), but urges that we relax that holding and allow him, at this time, to attack the sufficiency of the admonition which the court delivered prior to the acceptance of his guilty plea. Unlike *Nordstrom*, the defendant here has not filed a notice of appeal from the original judgment of conviction. Supreme Court Rule 606(a) (Ill. Rev. Stat. 1971, ch. 110A, § 606(a)) clearly states, in part, that "No step in the perfection of the appeal other than the filing of the notice of appeal is jurisdictional." Inasmuch as no notice of appeal was ever filed by defendant, this court has no jurisdiction to entertain a review of the initial judgment. *People*

*v. Williams,* 16 Ill.App.3d 111 (1973); *People v. Floyd,* 14 Ill.App.3d 1009, 1011 (1973).

The basis for the revocation of probation is revealed by the transcript.

"The Clerk: People of the State of Illinois versus Kenneth Wayne Godsey, Defendant, Case No. 1425.

The Court: What is the status of this case?

[Defendant's counsel]: He has been served with a petition to vacate, your Honor, and we are ready to admit the allegations in the petition.

The Court: Is that true, do you want to admit the allegations that are here?

The Defendant: Yes.

The Court: One of the charges is that on the 15th day of November, 1971, one Kenneth Wayne Godsey committed the offense of burglary in that he without authority knowingly entered into the building of Rodney Dahlberg, Rural Route 1, Durand, Illinois, with intent to commit therein a theft or felony. You admit that, do you?

The Defendant: Yes, I took some tools out of a shed.

The Court: How did you get into the place?

The Defendant: It was open.

The Court: Was it night or daytime?

The Defendant: It was night.

The Court: The other charge is that on the 21st day of November, 1971, one Kenneth Wayne Godsey committed the offense of burglary in that he without authority knowingly entered into the dwelling house of Rodney Dahlberg, Rural Route 1, Durand, Illinois, with intent to commit therein a theft or felony.

Do you admit that?

The Defendant: Yes, sir.

The Court: What did you do, go into the house?

The Defendant: Yes. We had a key. Went in and took the colored TV.

The Court: You had a key that opened the door?

The Defendant: Yes, sir.

The Court: Did anybody give you authority to go in there?

The Defendant: No.

The Court: Then you went there for the purpose of taking the TV set?

The Defendant: Yes, sir.

The Court: About what was the value of the TV set?

The Defendant: I have no idea,

The Court: Was it over $150?

The Defendant: I would imagine so.

[Asst. State's Atty.]: Our reports indicate, your Honor, it was a color TV combination stereo, AM and FM which would be over $150, well over $150.

The Court: Well, it was a burglary anyway.

[Asst. State's Atty.]: Yes.

The Court: Well, on the admission of committing two felonies while on probation, the Court will revoke and terminate the probation."

The law at the time the trial court conducted this hearing was stated in *People v. Thornton*, 4 Ill.App.3d 896, 897 (1972), wherein the guidelines for the revocation procedure were set forth as:

"'(1) The defendant must be notified of the alleged violations of his probation; (2) The defendant must be given an opportunity to defend against, and to refute, the alleged violations; (3) The State, having the burden of proof, must prove the alleged violations by the preponderance of the evidence by competent evidence; (4) A conscientious judicial determination must be made according to accepted and well recognized procedural methods.'"

Subsequent to the revocation of defendant's probation, the case of *People v. Pier*, 51 Ill.2d 96 (1972), was decided. The case concerned a post-conviction proceeding in which the defendant's petition alleged that his admission of violation of probation was induced by the State's unfulfilled promise to recommend a sentence other than that which was imposed. The trial court dismissed the petition without an evidentiary hearing. On review, the court, at page 100, held:

"[D]ue process of law requires that a defendant charged with having violated his probation be entitled to a conscientious judicial determination of the charge according to accepted and well recognized procedural methods."

For those accepted and recognized procedural methods which constitute due process, the court referred to ABA Standards for Criminal Justice, Probation, sections 5.4 and 5.4(a) (approved draft 1970). The suggested standards were not new to Illinois jurisprudence. They merely gave substance to that which had been our practice since 1960 when the case of *People v. Price*, 24 Ill.App.2d 364, was decided.

In approving the then-existing practice, *Pier* went on to state:

"Justice demands that [defendant] also be entitled to the protection of the same due-process requirements which pertain to pleas of guilty when he waives his right to a judicial determina-

tion of the charge that he violated his probation and confesses or admits the charges of the revocation petition." (51 Ill.2d at 100.)

Relying upon this quotation, defendant claims that the trial court committed reversible error when it failed (prior to defendant's admissions at the revocation hearing) to admonish him in accordance with Supreme Court Rule 402 (pleas of guilty).

To adopt defendant's interpretation, we would have to assume that the Supreme Court intended (1) that Rule 402 procedures be applied to hearings on revocation of probation as well as to hearings on pleas of guilty, and (2) to apply Blackstone's theory that the rule pronounced in *Pier* was always the law and entitled to retroactive effect.

■■■ This court has held that the procedures prescribed by Rule 402 are not applicable to hearings on revocation of probation (*People v. Evans*, 3 Ill.App.3d 435, 437 (1972); *People v. Blake*, 15 Ill.App.3d 39, 41—43 (1973).) In each of these cited cases, the record disclosed that the defendant's admission had been made voluntarily. *Pier* enunciated this as a requirement. To assure the protection of due process to those who confess or admit to the charges contained in a petition for revocation, and because of the possibility of incarceration, *Pier* serves to insure the voluntariness of a defendant's admission during a revocation hearing in much the same manner as Rule 402(b) insures the voluntariness of a plea of guilty. Where revocation of probation is founded solely upon defendant's admission, there is no controversy. Therefore, in order for there to be a conscientious judicial determination, *Pier* requires that that the trial court ascertain that the admission is voluntary.

■■ In the instant case defendant does not suggest nor does our review reveal that his admissions were made involuntarily. His hearing on revocation (conducted prior to the *Pier* ruling) did not include the precautions prescribed by *Pier* but was conducted in accordance with the procedural rules then in effect. The issue of whether the *Pier* requirement should be applied retroactively has been raised in Illinois but not resolved.[1] The case of *Halliday v. United States*, 394 U.S. 831, 23 L.Ed.2d 16, 89 S.Ct. 1498 (1969), wherein retroactive effect was denied, is directly on point and we therefore hold that, where voluntariness is not in issue, the rule of procedure announced in *Pier* was intended to be given prospective application from the date of the decision (March 21, 1972). The order revoking defendant's probation is therefore affirmed.

---

[1] The issue was raised in *People v. Lewis*, 14 Ill.App.3d 1083, 1086 (1973), but because the defendant had been admonished as to the consequences of his admissions it was unnecessary for the court to pass upon the issue.

Pending appeal, defendant moved that we summarily reduce his sentence to a term of 1 to 3 years on the basis that the Unified Code of Corrections, effective subsequent to his sentencing, applies whenever the sentence is "less than under the prior law upon which the prosecution was commenced." (Ill. Rev. Stat. 1973, ch. 38 § 1008—2—4.) Inasmuch as the new Code did not alter the penalty previously provided for theft in excess of $150, the motion is denied.

■■ Defendant later moved for modification of his sentence, seeking to be credited for time served in the county jail prior to probation and for the time spent on probation. (Ill. Rev. Stat. 1973, ch. 38, § 1005—6—4(h).) Defendant, however, has overlooked the fact that a condition of his probation was that he serve 8½ months in the county jail "with credit for eight and one-half (8½) months served." He has, therefore, already received credit for his time spent incarcerated and that part of the motion is denied.

■■ In *People v. Decker*, 15 Ill.App.3d 230, 232 (1973), we held that the credit-toward-sentence provision of section 5—6—4(h) of the Code (Ill. Rev. Stat. 1973, ch. 38, § 1005—6—4(h)) was applicable to time served on probation. We see no reason to depart from that holding; therefore, that portion of the motion is allowed.

Judgment is affirmed and the cause is remanded with directions to resentence defendant in accordance with the views expressed herein.

Judgment affirmed; cause remanded with directions.

Mr. JUSTICE SEIDENFELD, with whom Mr. JUSTICE RECHEN-MACHER joins, specially concurring.

I concur in the result. I do not fully agree, however, with the statements in the opinion which enunciate the requirements allegedly added by *People v. Pier* (1972), 51 Ill.2d 96. Since we have held that *Pier* does not apply retroactively, I would prefer to express our interpretation of *Pier* in an applicable case.