THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JIM WILLIAMS (Impleaded), Defendant-Appellant.

Fourth District   No. 13808

Opinion filed October 14, 1976.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant, Jim Williams, pleaded guilty to the offense of misdemeanor theft in the circuit court of Macon County, was sentenced to 1 year on probation, and ordered to pay costs. During the seventh month of probation, a report was filed with the court alleging that defendant had violated his probation. On subsequent hearing, probation was revoked and defendant sentenced to 364 days' imprisonment, the maximum authorized for misdemeanor theft by section 5—8—3(a)(1) of the Unified Code of Corrections. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—3(a)(1).) The sentence denied credit for time spent on probation. Defendant appeals, attacking the validity of the sentence because of its failure to give such credit.

Defendant does not dispute that at all times pertinent section 5—6—4(h) of the Code (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h))

purported to give the judge imposing sentence authority to deny the defendant credit for the time served on probation. Rather, defendant argues that the double jeopardy clause of the United States Constitution as interpreted by *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, requires that he be given this credit. There, an Alabama convict while serving sentence of imprisonment obtained relief granting him a new trial. He was then reconvicted and given a harsher sentence, which gave him no credit for the incarceration he had served on his original sentence. The United States Supreme Court affirmed the lower Federal court ruling which set aside the sentences of the Alabama convict and one of a North Carolina convict who, under similar circumstances, had also received a more severe sentence on retrial. Although the opinion dealt primarily with the question of the harsher imprisonment imposed on resentence, the court ruled that the failure of the Alabama court to give its convict credit for time served in prison on the original sentence was constitutionally impermissible. The court stated:

"We think it is clear that this basic constitutional guarantee is violated when punishment already exacted for an offense is not fully 'credited' in imposing sentence upon a new conviction for the same offense. The constitutional violation is flagrantly apparent in a case involving the imposition of a maximum sentence after reconviction. Suppose, for example, in a jurisdiction where the maximum allowable sentence for larceny is 10 years' imprisonment, a man succeeds in getting his larceny conviction set aside after serving three years in prison. If, upon reconviction, he is given a 10-year sentence, then, quite clearly, he will have received multiple punishments for the same offense. For he will have been compelled to serve separate prison terms of three years and 10 years, although the maximum single punishment for the offense is 10 years' imprisonment. Though not so dramatically evident, the same principle obviously holds true whenever punishment already endured is not fully subtracted from any new sentence imposed.[12]

We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense. If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him. But if he is reconvicted, those years can and must be returned—by subtracting them from

---

[12] We have spoken in terms of imprisonment, but the same rule would be equally applicable where a fine had been actually paid upon the first conviction. Any new fine imposed upon reconviction would have to be decreased by the amount previously paid.

whatever new sentence is imposed." (Footnote 13 omitted.) 395 U.S. 711, 718-19, 23 L. Ed. 2d 656, 665-66, 89 S. Ct. 1072, 2077.

Defendant's theory is predicated upon section 5—5—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—3) which classifies probation as a sentence. Since on probation revocation the resentencing is for the same offense as the one for which the offender was originally sentenced to probation, defendant maintains that *North Carolina v. Pearce* requires that defendant's sentence of imprisonment be credited with the time served on his sentence of probation. Defendant contends that this is particularly true in regard to his sentence because, as in the example cited in *North Carolina v. Pearce*, the time he served on probation when added to his imprisonment is a longer period of time than the maximum imprisonment he could receive. In fact, the term of imprisonment was, itself, of maximum length.

*North Carolina v. Pearce* held that when an original sentence is upset and the defendant resentenced for the same offense, he is constitutionally entitled to credit for incarceration served on the previous sentence. The opinion stated that "punishment already exacted must be fully 'credited'." The footnote indicated that similarly upon the imposition of a fine on resentencing, full credit must be given for a fine actually paid pursuant to the original sentence. Nothing was said as to whether on resentencing to incarceration, credit must be given on that sentence for a fine paid or time served on probation or conditional discharge. No case in point has been cited.

Defendant argues that the determination of whether credit must be given turns mostly on whether the original disposition of the case constituted a sentence. Some States, including Illinois, consider probation a sentence. Others consider it the suspension of a sentence. (See ABA Standards, Probation §1.1b, Commentary at 25 (Approved Draft 1970).) We do not think that the question turns on the minor difference between a sentence and a suspended sentence. Rather, we deem that it turns on whether the deprivation and punishment of probation is such that it must be equated to and credited to the deprivation and punishment of incarceration.

The United States Supreme Court recognized that there was some punitive element to probation n *Korematsu v. United States*, 319 U.S. 432, 435, 87 L. Ed. 1497, 1499, 63 S. Ct. 1124, 1126, when it stated:

> "These and other incidents of probation emphasized that a probation order is 'an authorized mode of mild and ambulatory punishment, the probation being intended as a reforming discipline.' *Cooper v. United States*, 91 F.2d 195, 199."

The punitive aspect of probation is quite mild for, as stated in *People v. Decker* (1973), 15 Ill. App. 3d 230, 233, 304 N.E.2d 99, 102:

> "The purpose and ultimate aim of probation is to provide a

period of grace in order to aid the rehabilitation of a repentant offender, thus benefiting the general public by making the offender a useful member of society. As stated in *People v. Henderson* (1971), 2 Ill. App. 3d 401, 405, 276 N.E.2d 372.

> 'The basic theory of probation is to grant defendant an opportunity of rehabilitation without incarceration; to afford the unfortunate another opportunity by extending clemency.'

Or, as the court stated in *People v. Donovan* (1941), 376 Ill. 602, 607, 35 N.E.2d 54, probation is thus an act of grace or a grant of mercy for 'the protection of society and the reform of the defendant.' "

The extreme deprivation of liberty and the punishment wrought by incarceration, on the other hand, have long been recognized. The extraordinary writ of habeas corpus evolved from the common law and was recognized by article I, section 9, of the Federal Constitution in order to protect people from wrongful incarceration. (*Fay v. Noia* (1963), 372 U.S. 391, 9 L. Ed. 2d 837, 83 S. Ct. 822.) No similar extraordinary procedure has been thought to be necessary to protect people from wrongful imposition of the minor deprivation of probation. As stated in *North Carolina v. Pearce*, time spent in prison is ordinarily "irretrievably lost." Time on probation is usually spent by the probationer in his own community with his family and friends and under circumstances where he may seek gainful employment and in general seek the enjoyment of most of the good things of life.

Prior to July 1, 1974, section 5—6—4(h) of the Unified Code of Corrections provided that when a defendant was sentenced to imprisonment after revocation of probation, the defendant was entitled to credit on his sentence for time spent on probation. As stated in *Decker*, this provision led to illogical results in cases where the violation occurred late in the term of probation.

The *North Carolina v. Pearce* opinion indicated in a footnote the analogy of its ruling to cases involving resentence to a fine after a fine had originally been paid for the offense in question. The failure to expand the footnote to include analogy to the instant situation is some indication that the Court did not intend the drastic result sought by defendant. We do not deem the opinion to have ruled that time spent under the "clemency" of probation, although having a "mild and ambulatory" punitive aspect, is constitutionally required to be equated to and credited upon subsequent incarceration imposed for the same offense. Accordingly, we reject defendant's ingenious theory and affirm the judgment appealed.

Affirmed.

SIMKINS, P. J., and REARDON, J., concur.