THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WALTER CALLOWAY, Defendant-Appellant.

Fourth District   No. 13718

Opinion filed January 6, 1977.

882

Richard J. Wilson, Richard J. Geddes, and Edward R. Green, all of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant, Walter Calloway, entered a plea of guilty in the Circuit Court of Macon County to a charge of burglary and was sentenced to a 2-year term of probation. Subsequently, his probation was revoked and he was then sentenced to a term of 3 to 20 years imprisonment with no credit for the time he had served on probation. He appeals, contending that the sentence should be set aside because (1) the judge who presided at the second sentencing hearing was different from the one who presided when he was sentenced to probation, (2) the sentence of imprisonment combined with the time served on his sentence to probation resulted in a sentence in excess of the statutory minimum, and (3) the provision of section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(h)) which permits the court in sentencing upon revocation of probation to deny credit for the time served on probation is unconstitutional.

■■ Defendant notes that section 5—6—4(h) of the Unified Code of Corrections provides that resentencing after revocation shall be under article 4 of the Code. Article 4, section 5—4—1(b) (Ill. Rev. Stat. 1975, ch. 38, par. 1005—4—1(b)) states that sentence shall be imposed by the judge who presided at the trial or accepted the plea if, as here, that judge is still serving as a trial judge. The Code does not state, however, that the judge who accepted the plea and imposed a sentence of probation must hear a petition to revoke. In any event, the judge who imposed the sentence from which appeal is taken here had the benefit of and considered the original report of presentence investigation which was on file. The defendant who was represented by counsel made no objection to the failure of the original judge to impose sentence. If any error occurred for this reason, it was waived.

■■ Defendant's argument that denial of credit for time served on probation imposed upon him a sentence in excess of that permitted by statute is based upon his theory that the limitations upon sentence set forth in article 8 of chapter V of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1 *et seq.*) limit the totality of sentences that can be imposed. The wording of the article makes clear, however, that the limitations set forth therein are applicable only with reference to imprisonment and parole and do not apply to probation.

Defendant maintains that section 5—6—4(h), authorizing the court to deny credit for time served on probation, (1) violates the prohibition against double jeopardy because he gets no benefit for a sentence legally served, and (2) deprives him of due process because, since no standards have been set for determining when credit shall be given, the provision is impermissibly vague.

■■ Defendant's argument in support of his double jeopardy claim is based upon the decision in *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, which held that when a defendant is resentenced to imprisonment after remandment on review of an original conviction or sentence he is constitutionally entitled to credit for the time served on his first sentence of imprisonment. In *People v. Williams* (1976), 42 Ill. App. 3d 574, 356 N.E.2d 371, we held that this rule does not require credit for time served on probation to be given upon resentence to imprisonment upon revocation of probation because the deprivation of liberty involved in probation is so much less than that involved in imprisonment that the two cannot be equated. Defendant points out that here the conditions of defendant's probation denied him his freedom of association, his privilege of driving an automobile, his right to drink and to enter drinking establishments, and limited his freedom of travel. He contends that these deprivations of liberty are sufficiently severe that he is entitled to at least some credit upon his resentence to imprisonment. He concedes that a State could devise a formula whereby upon resentence after revocation of probation a defendant would receive only partial credit for time spent on probation but contends that in the absence of such a formula, he is entitled to credit on a day for day basis. We adhere, however, to our view in *Williams* that the deprivations of probation are so incomparable to those of imprisonment that no credit need be given.

Defendant's argument that he was denied due process because no standards are provided to the court by which to determine when credit should be given or denied is based upon *Giaccio v. Pennsylvania* (1966), 382 U.S. 399, 15 L. Ed. 2d 447, 86 S. Ct. 518. There a State statute permitted the jury in a criminal case when voting an acquittal to nevertheless assess costs against the defendant but gave no standards by which the determination to assess costs was to be made. The court noted that the statute permitted the imposition of a burden on an acquitted defendant and held it to be impermissibly vague and lacking in standards. A footnote to that majority opinion states, however:

> "In so holding we intend to cast no doubt whatever on the constitutionality of the settled practice of many States to leave to juries finding defendants guilty of a crime the power to fix punishment within legally prescribed limits." 382 U.S. 399, 405 n. 8, 15 L. Ed. 2d 447, 451 n. 8, 86 S. Ct. 518, 522 n. 8.

■■ Here the action of the trial court in denying credit is a fixing of punishment. The limits of the terms of imprisonment that can be ordered are set forth in the statute and the discretion in allowing or denying credit for time served on probation is no greater or less subject to standard than the fixing of a maximum term of imprisonment under article 8 of chapter V of the Code.

■■ As with determining the length of sentence, the judge's discretion in denying credit for time served on probation must be exercised reasonably and so that the total sentence is not excessive.

The defendant here had no prior felony convictions. In 1970 he had been placed on juvenile probation in Kankakee County. He violated that probation and was committed to the Department of Corrections from which he was paroled in early 1973. Later that year he was convicted of disorderly conduct and in 1974 was convicted of battery. In 1975 he received an undesirable discharge from the United States Army. Based upon this background we determine that the maximum sentence of 20 years imposed here is excessive. The majority of the panel hearing this case also determine the minimum sentence to be excessive. The majority rule to reduce the sentence to 1 to 10 years with credit for time spent on probation. The writer would reduce the sentence to 3 to 10 years with credit for time spent on probation.

The sentence is reduced to a term of 1 to 10 years with credit for time spent on probation and the case is remanded to the Circuit Court of Macon County for issuance of amended mittimus to reflect the reduced sentence.

Sentence reduced, cause remanded.

CRAVEN, P. J., and REARDON, J., concur.