THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEFF PANTLE, Defendant-Appellant.

Second District   No. 76-496

Opinion filed April 21, 1977.

Ralph Ruebner and Alan Goldberg, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Ryan, State's Attorney, of Waukegan (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:
Defendant was sentenced to a minimum term of two years and a maximum term of six years following revocation of his sentence of probation on a conviction of burglary. He raises the sole contention on

appeal that he was wrongfully deprived of credit for jail time served as a condition of his probation.

Defendant pleaded guilty to burglary on April 11, 1975, and was sentenced to three years probation, the first eight months to be served in the Lake County jail. Since he had already served the eight months awaiting trial the court considered that portion of the sentence satisfied. Probation was revoked on June 15, 1976. Defendant was refused credit for the eight months he had served as a condition of probation against his sentence for the original burglary.

Defendant contends that he is entitled to be credited with all jail time served on the burglary charge including time considered served as a condition of probation. He recognizes that we have held to the contrary under essentially similar facts in *People v. Godsey*, 22 Ill. App. 3d 382, 387 (1974), but argues that the decision was erroneous. He reasons that under section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—7(b)) a defendant must receive credit for all time served in custody on the particular charge and that it is irrelevant that part of the time was served prior to a sentence for probation.

The People rely on *Godsey* but also argue that under section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, as amended, ch. 38, par. 1005—6—4(h)) any time served on prodation need not be credited if the court orders otherwise. The defendant replies that section 5—6—4(h) does not refer to actual jail time served while on probation because this would then be in conflict with section 5—8—7(b) which requires that an offender "shall be given credit * * * for time spent in custody as a result of the offense for which the sentence was imposed." Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—7(b).

In *People v. Godsey*, 22 Ill. App. 3d 382 (1974), we held that a defendant whose probation was revoked was entitled to credit under the provisions then applicable (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)) for time served on probation. He was not, however, entitled to credit against his sentence upon revocation for the 8½ months jail time served prior to his original sentence of probation which included jail time of 8½ months as a condition since the same jail time had been already credited to his sentence of probation. We also conclude here that the defendant has received credit for the eight months jail time served and is not again entitled to the same credit on the new sentence announced following the revocation of his probation. We therefore affirm without reaching the additional argument of the State that the credit is discretionary.

Affirmed.

GUILD and BOYLE, JJ., concur.