THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES WILBUR, Defendant-Appellant.

Fifth District   No. 76-323

Opinion filed June 23, 1977.

Michael J. Rosborough and Phillip A. Kramer, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

K. Scott Wilzbach, State's Attorney, of Salem (Bruce D. Irish and Keith P. Vanden Dooren, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant, James Wilbur, pleaded guilty to the charge of burglary of a jewelry store in Centralia, Illinois. He was sentenced to a period of probation of three years, conditioned upon his attendance at the Alcoholism and Drug Dependence Council (ADDCO) in East St. Louis, Illinois. Shortly after his probation started, defendant abandoned the ADDCO program and a hearing was held to revoke his probation. As a result of this hearing, defendant was ordered to spend 30 days in county

jail, and was again given probation with the stipulation that he report to the ADDCO program. A month later, defendant again left the ADDCO program and was arrested pending a second hearing to revoke his probation. Following this latest hearing, defendant's probation was terminated and he was sentenced to a prison term of two to ten years on the original burglary count and was given credit for time spent in jail pending the probation revocation hearing. The court specifically denied credit for the time defendant spent on probation.

Section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(h)) gives the trial court the power to grant or deny credit for time spent on probation following revocation thereof. The statute states:

"Resentencing after revocation of probation or of conditional discharge shall be under Article 4. Time served on probation or conditional discharge shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise."

Defendant argues on appeal that the portion of the statute allowing the trial court to deny credit for probation time is unconstitutional in two respects: (1) It contains no standards to guide the court's decision, hence violating defendant's due process rights, and (2) it violates the constitutional prohibition against double jeopardy as the denial of credit for probation time constitutes multiple punishments for the same offense.

■■  Before considering these substantive arguments, it is necessary for us to consider the State's argument that defendant has waived his right to challenge the constitutionality of this statute on appeal by failing to raise the arguments in the trial court. By its very nature, objection on these grounds could not have been raised until after the trial judge had made his finding and entered judgment. Thus, the constitutional objection may properly be raised for the first time on appeal. *People v. Stoyan*, 280 Ill. 300, 117 N.E. 464; *People v. Gonzales*, 25 Ill. 2d 235, 184 N.E.2d 833.

Defendant's argument that he was denied due process because no standards are provided by the statute by which the court is to determine when credit should be given or withheld is based upon *Giaccio v. Pennsylvania*, 382 U.S. 399, 15 L. Ed. 2d 447, 86 S. Ct. 518 (1966). There the Supreme Court declared as violative of due process a State statute which allowed juries in criminal cases to assess costs against the defendant even in acquittal, but which failed to provide standards to guide such decisions. The court stated that this imposition of a burden on an acquitted defendant was unconstitutional since the statute was vague and lacking in standards. However, the majority stated in a footnote that the

holding was not intended to cast any doubt on the constitutionality of leaving to the jury the determination of punishment for guilty defendants within legally prescribed limits. *Giaccio v. Pennsylvania*, 382 U.S. 399, 405 n. 8, 15 L. Ed. 2d 447, 451 n. 8, 86 S. Ct. 518, 522 n. 8.

■■■ The recent Illinois case of *People v. Calloway*, 44 Ill. App. 3d 881, 358 N.E.2d 890, involved the same issue raised here. In that case the court characterized the trial court's action in denying credit for time served on probation as a fixing of punishment. Thus, the court noted that the limits of the term of imprisonment are set forth in the statute defining the crime and are subject to minimum and maximum standards under section 5—8—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1). Therefore, as a method of fixing punishment, the denial of credit for probation time is limited in that it must not cause the total sentence to be excessive, and thus is not a standardless determination denying defendant due process. We agree with the court's reasoning in Calloway and find that the contention by the defendant that he was denied due process has no merit.

Defendant further argues that the court's denial of credit for time spent on probation constitutes a second punishment for the same offense and thus falls within the constitutional prohibition against double jeopardy. Defendant relies on *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, for support of his contention that multiple punishments for the same offense constitutes double jeopardy. There, a convict serving a term of imprisonment was given a new trial and upon reconviction was given a harsher sentence without credit for the time he was imprisoned after the first trial. The Supreme Court held, in part, that the denial of credit for time served in prison on the original sentence was constitutionally impermissible. Defendant reasons that since probation is statutorily defined as a "sentence" (Ill. Rev. Stat. 1975, ch. 38, par. 1005—1—18) and since the restrictions put on probationers as a result of their being found guilty of a criminal offense constitute punishment, the *Pearce* opinion requires that time spent on probation be fully credited against a subsequent sentence of imprisonment.

This same issue was presented in the recent case of *People v. Williams*, 42 Ill. App. 3d 574, 356 N.E.2d 371. Reasoning that the deprivation inflicted upon a defendant having served time in prison could not be equated, the court held that the denial of credit for probation time did not constitute a second punishment for the same offense within the meaning of *North Carolina v. Pearce*. (42 Ill. App. 3d 574, 576-77.) Defendant argues that this holding was incorrect because the *Pearce* opinion states that the principle of providing credit for time served on any punishment imposed on the same offense "holds true *whenever* punishment already

endured is not fully subtracted from any new sentence imposed." (Emphasis added.) (*North Carolina v. Pearce*, 395 U.S. 711, 718, 23 L. Ed. 2d 656, 665, 89 S. Ct. 2072, 2077.) We do not agree.

Numerous courts in other jurisdictions have rejected attempts by defendants to equate the punishment of probation with that of imprisonment for double jeopardy purposes. For example, the court in *Kaplan v. Hecht*, 24 F.2d 644 (2d Cir. 1928), reached the following conclusion:

"The purpose [of probation] is to avoid imprisonment so long as the guilty man gives promise of reform. Clearly, therefore, probation is not intended to be the equivalent of imprisonment." (24 F.2d 664, 665.)

Likewise, in the recent case of *Hall v. Bostic*, 529 F.2d 990 (4th Cir. 1975), the court stated:

"A person does not serve a prison sentence while on probation or parole any more than he does while free on bail. In both instances, there are certain restrictions generally on the person's movements but the person's condition as the Court observed in *Morrissey v. Brewer*, (1972) 408 U.S. 471, 482, 92 S. Ct. 2593, 33 L. Ed. 2d 484, is 'very different from that of confinement in a prison.' " (529 F.2d 990, 992.)

See also *Anglin v. Johnson*, 504 F.2d 1165 (7th Cir. 1974); *Thomas v. United States*, 327 F.2d 795 (10th Cir. 1964); *United States v. Fultz*, 482 F.2d 1 (8th Cir. 1973).

We agree with the court in *United States v. Fultz*, that "\* \* \* however the terms of probation may be defined, whether as a 'sentence', or 'rehabilitation', the question should not, for answer, rest in the dictionary." (482 F.2d 1, 4.) Rather, it is the nature of probation which distinguishes it from imprisonment and prevents it from being considered a second punishment for double jeopardy purposes.

Throughout our statutes dealing with probation, it is clear that the legislature and courts have sought to distinguish probation from the more severe punishment of imprisonment. Under Rule 615 of our Supreme Court Rules (Ill. Rev. Stat. 1975, ch. 110A, par. 615) a reviewing court has the power to reduce the sentence imposed upon a guilty party. However, even though probation is defined as a "sentence," our supreme court has held that a reviewing court may not reduce a sentence of imprisonment to one of probation. (*People v. Bolyard*, 61 Ill. 2d 583, 338 N.E.2d 168.) Additionally, while the trial court maintains jurisdiction over the defendant while he is on probation (*People v. Mitchell*, 67 Ill. App. 2d 124, 214 N.E.2d 129, *cert. denied*, 385 U.S. 871, 17 L. Ed. 2d 98, 87 S. Ct. 139), when a defendant has been convicted, sentenced, and delivered into custody of an officer for imprisonment, the trial court loses jurisdiction to

vacate, set aside, or modify judgment. *People v. Hayes*, 108 Ill. App. 2d 359, 247 N.E.2d 809.

We therefore agree with the court in *People v. Williams*, 42 Ill. App. 3d 574, 356 N.E.2d 371, that regardless of its statutory definition as a "sentence," probation cannot and should not be equated with imprisonment for purposes of the prohibition against double jeopardy. Imprisonment serves to protect the public from the offender, or to provide him with strictly enforced correctional treatment (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—1) while probation grants defendants "an opportunity of rehabilitation without incarceration" and affords "the unfortunate another opportunity by extending clemency." (*People v. Henderson*, 2 Ill. App. 3d 401, 405, 276 N.E.2d 372.) The qualitative difference between probation and imprisonment in their punitive effects and goals is not one that can be erased by the fact that they are both defined as "sentences."

We accordingly hold that the denial of credit for time served on probation as allowed by section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(h) is not unconstitutional.

Affirmed.

CARTER, P. J., and JONES, J., concur.