THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LaRUE JOHN SCHEIB, Defendant-Appellant.

Fourth District   No. 14414

Opinion filed March 31, 1978.—Rehearing denied May 18, 1978.

Richard J. Wilson and Richard E. Cunningham, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (Robert C. Perry and Jane F. Bularzik, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE MILLS delivered the opinion of the court:

Can 3 *weekends* spent in jail actually equal 3 *weeks* when probation is revoked and credit is computed?

We are faced here with a rather unique comparison of the statutory provisions for probation, periodic imprisonment, and a combination of both.

But first the facts. Scheib pleaded guilty to burglary and was sentenced to 2 years' probation, 6 weekends in the Sangamon County jail, a $200 fine and a jail sentence of 20 days in the county jail (with 20 days' credit for time served). Subsequently, on December 2, 1976, the defendant's probation was revoked after the trial court found that Scheib had violated his probation by committing arson. Scheib was then sentenced to a prison

term of 2 to 6 years. The trial court refused to credit the defendant with time served on probation or for time spent in the county jail as a condition of probation.

On appeal, Scheib disputes the trial court's refusal to give credit for the 3 weekends he spent in jail as a condition of probation and also urges (for the first time on appeal) that he should be given credit for the 20 days he spent in custody prior to his probation on the burglary charge. Defendant also asserts that section 5—6—4(h) of the Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(h)) is unconstitutionally vague and is a violation of the constitutional prohibition against double jeopardy.

The trial court sentenced defendant to 2 years' probation with the condition that he spend 6 weekends in the county jail. Scheib contends that he spent 3 *weekends* in the Sangamon County jail (this contention is disputed by the State) and is therefore entitled to 3 *weeks'* credit on his jail sentence. Defendant premises this contention on sections 5—7—1 and 5—7—2 of the Code of Corrections which deal with sentences of *periodic imprisonment*. (Ill. Rev. Stat. 1975, ch. 38, pars. 1005—7—1, 1005—7—2.) The trial court, however, indicated that it was not giving defendant a *combined* sentence of periodic imprisonment and probation. Instead, Scheib's sentence of 6 weekends in jail was intended to be a *condition* of his *probation*.

The imposition of an imprisonment sentence as a condition of probation is proper under section 5—6—3(b), (d) of the Unified Code of Corrections. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3(b), (d); *People v. Hanson* (1977), 44 Ill. App. 3d 977, 359 N.E.2d 188.) Therefore, revocation of Scheib's probation was governed by the probation statute which states that the trial court shall credit the *time served on probation* unless the court orders otherwise. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(h).) The State argues that this provision invests the trial court with discretion upon revocation of probation to refuse to credit *jail time* served by defendant as a condition of probation. We do not agree with this reasoning.

Prior to July 1, 1974, section 5—6—4(h) of the Unified Code of Corrections provided that when a defendant was sentenced to imprisonment after revocation of probation, the defendant was entitled to credit on his sentence for time served on probation. However, this section was amended because of the illogical results which ensued in cases where the violation occurred late in the term of probation. (*People v. Williams* (1976), 42 Ill. App. 3d 574, 356 N.E.2d 371.) The statute as amended gives the trial judge broad discretion to grant or refuse to grant credit for time served while on probation in cases where defendant is sentenced to imprisonment after revocation of probation.

■■ Furthermore, in *Williams*, we held that section 5—6—4(h) was not a

violation of the double jeopardy clause of the United States Constitution and that a trial judge could refuse to credit time served on probation against a subsequent jail sentence. In so doing, we noted the difference between the mild punitive aspect of *probation* and the extreme deprivation of liberty and the punishment wrought by *imprisonment*. In the instant case, however, we are dealing with actual imprisonment, as opposed to straight probation. Therefore, to accept the State's argument that the trial court had discretion to refuse to credit defendant's jail time would not be consistent with our pronouncement in *Williams*. Thus, we must reject such logic and remand this case for a hearing to determine how many weekends Scheib actually spent in jail and to credit this time against the sentence imposed upon revocation of probation.

This is still, however, the problem of *how much* credit defendant should be allowed for the time he spent in jail. There is no mention in the probation statute (article 6 of the Unified Code of Corrections) as to how prison time served as a condition of probation is to be credited. However, article 6 does state:

> "(b) The Court may in addition to other conditions require that the person:
>
>> (1) serve a term of periodic imprisonment under Article 7 for a period not to exceed 2 years or the maximum term of imprisonment provided for the offense, whichever is less."
>> Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3(b)(1).

■■ Article 7 provides that time should be credited upon the basis of the duration of the *term of sentence* rather than upon the *actual days* spent in confinement. (Ill. Rev. Stat. 1975, ch. 38, pars. 1005—7—1(d), 1005—7—2(c).) Accordingly, defendant's credit for jail time served on weekends should be credited on the basis of the duration of the term of sentence (*i.e.*, 2 actual weekends could constitute 2 actual weeks, or 14 days).

The problem, it occurs to us, is generated by a trial court's mental concept in the imposition of this type of sentence. The trouble is that the usual and customary view in this problem is that a sentencing judge quite naturally looks at "periodic imprisonment" from the wrong end. He thinks of it in terms of *jail time*: how long *in*—not how long *out*. Or, to phrase it otherwise, the number of "weekends in jail," rather than the number of "days at liberty" during a given week. We suggest that a more precise order for periodic imprisonment would be something to the effect of "six weeks periodic imprisonment with Monday through Friday of each week at liberty." Not only would such a provision be philosophically sound, but legally accurate and statutorily correct.

■■ Scheib's next contention is that he should receive credit for the 20 days he served in jail prior to his probation on the burglary offense. The case of *People v. Pantle* (1977), 47 Ill. App. 3d 1047, 362 N.E.2d 749, is

dispositive of this argument. In *Pantle*, the court, under similar circumstances, refused to credit time that defendant had served as a condition of probation. The court held that Pantle had already received credit for the time served prior to his original sentence of probation since the same jail time had been credited to his sentence of probation. We concur with the reasoning in *Pantle* and therefore conclude that Scheib has received credit for the 20 day jail time he served and is not again entitled to the same credit on the new sentence announced following the revocation of probation. See *People v. Godsey* (1974), 22 Ill. App. 3d 382, 317 N.E.2d 157.

Finally, defendant challenges the constitutionality of section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(h)) on grounds it is vague and also in violation of the constitutional prohibition against double jeopardy. As previously noted, and as defendant concedes, we have already answered that question and rejected such an argument. *People v. Linzy* (1977), 45 Ill. App. 3d 612, 359 N.E.2d 1230; *People v. Calloway* (1977), 44 Ill. App. 3d 881, 358 N.E.2d 890; *People v. Williams* (1976), 42 Ill. App. 3d 574, 356 N.E.2d 371.

Affirmed in part; reversed in part, and remanded with direction.

WEBBER and CRAVEN, JJ., concur.