THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD FERGUSON, Defendant-Appellant.

Third District   No. 78-29

Opinion filed May 31, 1978.—Rehearing denied June 28, 1978.

Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (James E. Hinterlong and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:
This is an appeal from an order of the circuit court of Will County which revoked a sentence of conditional discharge to the defendant Ronald Ferguson.

On October 21, 1976, the defendant after bench trial was convicted of the offense of criminal damage to property. The circuit court of Will

County sentenced the defendant to a conditional discharge for a period of two years and as a condition of this discharge he was to serve a term of 120 days in the Will County jail. The defendant was given credit for 60 days he had already served in jail and the remaining 60 days of incarceration were suspended.

On November 3, 1976, a petition was filed to revoke the sentence of conditional discharge imposed upon the defendant. The petition alleged that the defendant had committed the offense of robbery. A hearing on the petition to revoke was had on November 16, 1976. On November 19, 1976, the trial court ruled that the defendant had violated the terms of his conditional discharge, revoked the same and sentenced the defendant to a term of 264 days in Vandalia. The trial court gave the defendant credit for the 14 days he had spent on conditional discharge and assessed costs in the sum of $50. The trial court did not credit the defendant with the 60 days of preconviction custody time which he had served.

The sole issue in this appeal is the contention of the defendant that when his sentence of conditional discharge was revoked and he was sentenced to Vandalia he should have been given credit for the 60 days of preconviction incarceration.

The defendant reasons that under section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—7(b)) he should receive credit for all time served in custody on the criminal damage to property charge when his conditional discharge was revoked and he was sentenced to Vandalia. The defendant apparently deems it irrelevant that part of the time served in custody was prior to his sentence of conditional discharge and that he received credit for this time against a term of incarceration which he was to serve as condition of his conditional discharge. We do not agree with the contention of the defendant. The argument of the defendant has been resolved in the cases of *People v. Godsey* (1974), 22 Ill. App. 3d 382, 317 N.E.2d 157; *People v. Pantle* (1977), 47 Ill. App. 3d 1047, 362 N.E.2d 749; and *People v. Scheib* (4th Dist. 1978), 59 Ill. App. 3d 104, 375 N.E.2d 132.

In the case of *Pantle* we find a situation identical to the one in the instant case. In *Pantle* the defendant pleaded guilty to burglary. He was sentenced to three years probation, the first eight months of which was to be served in the county jail. The defendant had already served eight months in jail awaiting trial so the court considered that the condition of his probation requiring incarceration was satisfied. On revocation of the defendant's probation in the case of *Pantle* he, like the defendant in the instant case, argued that section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—7(b)) mandated that he receive credit for all time served in custody on a particular charge irrespective of the fact that part of the time was served prior to the

sentence of probation. The reviewing court held that the defendant was not entitled to credit against his sentence on revocation for eight months served as a condition to his original sentence of probation. The reviewing court determined that the defendant had been given credit for his preconviction custody in the original sentence of probation which carried with it a term of incarceration.

As we previously stated, the facts in the case of *Pantle* are identical with those in the instant case. Like the reviewing court in the case of *People v. Scheib* (4th Dist. 1978), 59 Ill. App. 3d 104, 375 N.E.2d 132, we concur with the reasoning in the case of *Pantle*. To hold otherwise and thereby give the defendant credit for his preconviction custody in a revocation sentence would have the effect of giving him two credits for the same time.

The defendant has advanced other reasons in support of his contention that he be credited with time served in custody, whether it be preconviction time or otherwise. These additional reasons are predicated upon the principles of double jeopardy and equal protection. We have examined these further reasons advanced by the defendant and the cases cited in support of them and can only conclude that they are not applicable to the situation *in esse* in the instant case.

For the reasons set forth the judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER, P. J., and ALLOY, J., concur.